**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| LEON HOWARD, )<br>)<br>Petitioner, )<br>v. )<br>)<br>MARK BEZY, Warden, )<br>)<br>Respondent. ) | No. 1:06-cv-1559-SEB-VSS |

**Entry Discussing Petition for Writ of Habeas Corpus**

Leon Howard ("Howard") is confined at a federal prison within this District and was given a period of time in which to supplement his petition for a writ of habeas corpus by setting forth circumstances and any claim(s) which would support habeas corpus relief, *i.e.*, a challenge to either the fact or duration of his confinement. The challenge in his habeas petition is that the law library at the prison where Howard is confined is inadequate to meet his needs and those of other inmates.

Howard has responded by renewing his assertion that the law library is inadequate. He then states that the relief he seeks "is for the termination of his sentence on the basis of the matters recited in the Motion under [28 U.S.C. §] 2255." A § 2255 motion signed by Howard on March 28, 2006, is attached to his supplement filed on January 17, 2007.

It is clear, as the court has previously pointed out in this case and as Howard appears to acknowledge, that the state of a prison law library is a condition of confinement and is not subject to redress in an action for habeas corpus relief, because the library's condition and services would not implicate either the fact or duration of an inmate's confinement.[1] It may be, however, that Howard intends to present the § 2255 motion as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). This possibility is defeated by two circumstances, however. The first is that a federal prisoner may seek relief

---

[1]The court is not permitted to treat a habeas action as a civil rights complaint, nor can it do the converse. *Glaus v. Anderson,* 408 F.3d 382 (7th Cir. 2005); *Moore v. Pemberton,* 110 F.3d 22 (7th Cir. 1997); *Copus v. Edgerton,* 96 F.3d 1038 (7th Cir. 1996).

under § 2241 only if § 2255 "would not have been adequate to test the legality of the conviction and sentence." *Melton v. United States,* 359 F.3d 855, 858 (7th Cir. 2004). There are no circumstances identified in the habeas petition or the supplement which suggest that this "savings clause" in § 2255 could be invoked by Howard to challenge his conviction via § 2241(c)(3). The second circumstance which defeats that possible understanding or treatment of the supplement is that Howard has already received an adjudication of his § 2255 claims in the trial court. *See Howard v. United States,* 2006 WL 1343543 (E.D.Mo. May 15, 2006). Howard is not entitled to a second bite at the post-conviction apple.

For the reasons explained above, therefore, and because the habeas petition shows on its face that Howard is not entitled to the relief he seeks, the petition for a writ of habeas corpus is **denied and this action is dismissed without prejudice.** This disposition leaves him free to assert his claim in any appropriate forum relying on any appropriate theory. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 01/18/2007

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana